IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT G. OWENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-00806-CV-W-JAM |
| DONALD W. PUGSLEY, et al., | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS OR STRIKE**

Before the Court is Defendant Heyl Truck Lines, Inc.'s ("Heyl Truck") Motion to Dismiss or Strike Counts II and III of Plaintiff's Complaint, and Defendant Donald W. Pugsley's ("Pugsley") Motion to Dismiss or Strike Count II of Plaintiff's Complaint, both with Memorandums in Support. (Docs. 8, 9, 17, 18) Plaintiff submitted Suggestions in Opposition to both motions (Docs. 12, 28), to which only Defendant Heyl Truck replied (Doc. 14). For the reasons stated below, both motions will be denied.

## I. FACTS AND BACKGROUND

On October 14, 2025, Plaintiff filed a Complaint against Defendants Heyl Truck and Pugsley, one of its truck drivers. The facts giving rise to the Complaint involve an accident that allegedly occurred when the semi-truck driven by Defendant Pugsley collided with the rear of Plaintiff's vehicle. (Doc. 1, ¶ 16). Count I alleges negligence against Defendant Pugsley and vicarious or *respondeat superior* liability against Defendant Heyl Truck. (Doc. 1, ¶¶ 32-38) Count II alleges negligence per se against Defendant Pugsley and *respondeat superior* liability against Defendant Heyl Truck. (Doc. 1, ¶¶ 39-47) Count III, directed only at Heyl Truck, alleges negligent hiring, training and retention. (Doc. 1, ¶¶ 48-58)

The Complaint alleges that at the time of the accident, Defendant Pugsley was "an agent, servant, and/or employee of Defendant Heyl Truck for the purposes of liability to the public" (Doc. 1, ¶ 4), he was driving a semi-truck that was "owned, operated, leased, dispatched, supervised, maintained, monitored, and/or controlled by Defendant Heyl" (Doc. 1, ¶ 12), and he was acting within the scope and course of his employment (Doc. 1, ¶¶ 5, 13). In their answers, Defendants admit that Defendant Pugsley was Defendant Heyl Truck's employee at the time of the incident and was acting within the course and scope of his employment. (Doc. 6, ¶¶ 4, 5, 13; Doc. 19, ¶¶ 4, 5, 13). Defendants also admit that Defendant Heyl Truck operated, dispatched, supervised, maintained, monitored, and controlled the semi-truck. (Doc. 6, ¶ 12; Doc. 19, ¶ 12). Additionally, as the basis of their motions to dismiss, both Defendants admit *respondeat superior* liability. (Doc. 8, ¶ 6; Doc. 9, pp. 2-4; Doc. 17 ¶ 6; Doc. 18, pp. 2-4)

In support of its motion to dismiss or strike, Defendant Heyl Truck argues that because it has admitted *respondeat superior* liability, under the *McHaffie* Rule, it is improper for Plaintiff to proceed with Counts II and III as they present redundant theories of liability for the same injury alleged in Count I.[1] (Doc. 8, ¶ 6) In opposing Defendant Heyl Truck's motion, Plaintiff asserts that he is entitled to bring alternative claims, has properly plead facts sufficient to establish these claims, and that discovery may uncover facts that provide a reasonable basis for an exception to the *McHaffie* Rule. (Doc. 12) Defendant Heyl Truck replied, countering that admission of *respondeat superior* liability renders Counts II and III legally redundant and subjects the defense to the unfair burden of unnecessary, expansive discovery. (Doc. 14)

In arguing that Count II should be dismissed, Defendant Pugsley's motion mirrors that of Defendant Heyl Truck, and asserts that because *respondeat superior* liability has been admitted

---

[1] Defendant Heyl Truck also asserts Counts II and III are deficient because they "merely create a suspicion of negligence." (Doc. 8, ¶¶ 7-8) The Court construes this as an allegation of insufficient pleading.

and no punitive damages have been alleged, the *McHaffie* Rule renders alternative theories of imputed liability redundant and improper. (Doc. 18) Plaintiff opposed that motion, arguing that Defendant Pugsley does not have the standing to seek dismissal of a claim against another party, that Plaintiff has properly pled facts for each element, and that Plaintiff is entitled to alternative theories at this stage of the proceedings. (Doc. 28)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-87 (2009). To survive a motion to dismiss under rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, this Court "must liberally construe [the] complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). In doing so, the Court will "accept as true all of the factual allegations contained in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 554-55).

As to Defendants' requests to strike certain counts from the Complaint, Federal Rule of Civil Procedure 12(f) provides the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party. While striking a party's pleadings is an extreme and disfavored measure, judges have broad discretion to do so when appropriate under Rule 12(f). *See Stanbury L. Firm v. I.R.S.,*

3

221 F.3d 1059, 1063 (8th Cir. 2000); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

### III. DISCUSSION

Here, the Court analyzes Defendants' motions under the Federal Rules of Civil Procedure and Missouri state law. *See Am. Home Assur. Co. v. Pope,* 591 F.3d 992, 998-99 (8th Cir. 2010) ("In a diversity action, such as this, we use state substantive law to govern our analysis.") (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)); *see also Berk v. Choy*, 607 U.S. \_\_\_\_ (2026), 2026 WL 135974 (holding that when a Federal Rule of Civil Procedure answers the same question as a state law, the Federal Rule governs in federal court). In interpreting Missouri law, this Court is "bound by the decisions of the state's highest court." *Minn. Supply Co. v. Raymond Corp.,* 472 F.3d 524, 534 (8th Cir. 2006) (quoting *Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003)). "When a state's highest court has not decided an issue, it is up to [the] court to predict how the state's highest court would resolve that issue." *Minn. Supply Co.,* 472 F.3d at 534 (quoting *Continental Cas. Co. v. Advance Terrazzo & Tile Co*., 462 F.3d 1002, 1007 (8th Cir. 2006)). In making that prediction, the decisions of intermediate state appellate courts are persuasive authority. *Minn. Supply Co.,* 472 F.3d at 534.

Defendants primarily rely on *McHaffie ex rel. McHaffie v. Bunch* for the proposition that it is improper for a plaintiff to proceed under alternative theories of liability once a defendant has admitted *respondeat superior* liability. 891 S.W.2d 822 (Mo. 1995). In *McHaffie*, an injured plaintiff sued the driver of a truck involved in an accident and the driver's employer, alleging negligence against the driver, vicarious liability against the employer, and negligent hiring and supervision against the employer. *Id.* at 824. The case reached the Missouri Supreme Court on appeal following a jury verdict, which allowed the court to evaluate whether the submission of

4

multiple theories of liability to the jury had created a redundant or prejudicial record at trial. *Id.* at 825. There, the Missouri Supreme Court adopted the position that, generally, "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie,* 891 S.W.2d at 826. The court reasoned that because an admission of *respondeat superior* liability establishes an employer's strict liability, further attempts to prove theories of imputed liability are redundant and inefficient. *Id.; see also Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184, 205 (Mo. banc 2014) (finding that the trial court did not err in when refusing to allow the plaintiff to submit multiple theories of imputed liability to the jury where the defendant had already admitted agency).

Missouri appellate courts have held that *McHaffie* limits which claims can be submitted to the jury and explicitly contemplates exceptions to the general rule that a plaintiff cannot proceed against an employer on alternate theories of liability after the employer has admitted *respondeat superior* liability. *See Wilson v. Image Flooring, LLC,* 400 S.W.3d 386, 393 (Mo. Ct. App. W.D. 2013) ("[B]ecause the primary concern in *McHaffie* was the introduction of extraneous, potentially prejudicial evidence, we believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer… ."); *Bell v. Redjal,* 569 S.W.3d 70, 82 (Mo. Ct. App. E.D. 2019). Federal courts in Missouri have also recognized a punitive damages exception to the *McHaffie* Rule. *See Kyles v. Celadon Trucking Servs., Inc.,* No. 15-03193-CV-S-MDH, 2015 WL 6143953, at *3 (W.D. Mo. Oct. 19, 2015); *Diedrichsen v. Swift Transp. Co. of Arizona, LLC*, No. 21-04178-CV-C-MDH, 2022 WL 36901, at *2 (W.D. Mo. Jan. 3, 2022). *See also Aubuchon v. Tate Trucking, LLC*, No. 24-189-CV-E-HEA, 2024 WL 4285880, at *4 (E.D. Mo. Sept. 25, 2024) (compiling cases).

5

### A. Defendant Heyl Truck's Motion to Dismiss or Strike Counts II and III

While Defendant Heyl Truck has admitted *respondeat superior* liability, its reliance on *McHaffie* at this juncture is misplaced for two reasons.

First, while Defendant Heyl Truck argues that Counts II and III should be dismissed because they are redundant and will lead to burdensome, unnecessary discovery, this argument overlooks the federal pleading rules and is premature. Procedurally, Fed R. Civ. P. 8(d) permits a party to set out alternative claims and state as many separate claims as it has. Fed. R. Civ. P. 8(d)(2); *see also Berk*, 2026 WL 135974, at *4 (explaining "[b]y design, this system of pleading makes it relatively easy for plaintiffs to subject defendants to discovery—even for claims that are likely to fail."). Additionally, the *McHaffie* Rule does not prohibit a plaintiff from pleading alternative theories of recovery at the outset of litigation. *See Blotter v. Brent Higgins Trucking Co. Inc.,* No. 11–05073-CV-SW–RED, Doc. 19, p. 2 (W.D. Mo. Nov. 30, 2011) (finding at the initial pleadings stage that "Plaintiffs have plead alternative theories of relief and, thus, are permitted to proceed on each theory of liability at this point in the litigation."); *Kwiatkowski v. Teton Transp., Inc.*, No. 11-1302-CV-W-ODS, 2012 WL 1413154, at *2 (W.D. Mo. Apr. 23, 2012) (denying defendants' Rule 12(b)(6) motion and holding that *McHaffie* does not warrant dismissal of negligent training and supervision claims at the initial pleading stage, even where *respondeat superior* liability is admitted); *see also*, *Ershen v. Keep Running Trucking Corp.,* No. 19-1200-CV-E-RWS, 2019 WL 13198752, at *1 (E.D. Mo. May 31, 2019) ("the holding in *McHaffie* concerns the assessment of fault and submission of evidence at trial and does not [prevent] plaintiff from pleading alternative theories of recovery under *respondeat superior* and negligent hiring, training, and supervision."). Plaintiff is therefore entitled to maintain his alternative theories of recovery at this stage.

Second, while *McHaffie* generally precludes additional negligence claims against an employer after agency is admitted to prevent the introduction of "potentially inflammatory evidence" at trial, there is a well-developed exception for cases pleading a claim for punitive damages. *See Wilson* 400 S.W.3d at 393 ("[W]e believe that the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer . . . ."); *Kyles,* 2015 WL 6143953, at *4; *Harris v. Decker Truck Line, Inc.*, No. 12-1589-CV-E-DDN, 2013 WL 1769095, at *3 (E.D. Mo. Apr. 24, 2013) (finding that an admission of *respondeat superior* liability does not mandate dismissal of direct negligence claims, including negligent hiring, retention, and supervision, when those claims serve as the basis for alleging punitive damages against an employer). Although Plaintiff has not yet pled punitive damages, he argues that it would be improper under Fed. R. Civ. P. 11 until he has "a reasonable basis in law and fact to do so," through discovery. (Doc. 12, pp.7-8) Dismissing Counts II and III at this stage would potentially preclude Plaintiff from discovering the facts necessary to determine if a basis for alleging punitive damages exists.

Moreover, Defendant Heyl Truck's argument that Counts II and III should be dismissed for failing to allege more than a "suspicion of negligence" is unpersuasive. A plaintiff is not required to provide detailed evidence at the pleading stage, but only enough factual content to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Here, construing the Complaint in the light most favorable to Plaintiff and accepting as true all facts alleged, Plaintiff's allegations regarding negligence per se and negligent hiring and training meet this threshold. Accordingly, and for the reasons in Section III.C., *infra*, Defendant Heyl Truck's motion (Doc. 8) is denied.

### B. Defendant Pugsley's Motion to Dismiss or Strike Count II

Count II of the Complaint alleges negligence per se against Defendant Pugsley, specifically that he had a statutory duty to follow certain laws (*see* Doc. 1, ¶ 41), and that his violation of those laws constitutes a breach of care as a matter of law. Defendant Pugsley's motion asks the Court to dismiss, or alternatively, strike, this Count.[2] Defendant Pugsley argues that because Defendant Heyl Truck has admitted *respondeat superior* liability and no punitive damages have been alleged, it is improper to allow Plaintiff to proceed <u>against Defendant Heyl Truck</u> on any other theory of imputed liability. Defendant Pugsley's motion echoes Defendant Heyl Truck's motion. The Court has already addressed Count II as to Defendant Heyl Truck's same arguments and declines to entertain Defendant Pugsley's request for relief as to another defendant. Moreover, Defendant Pugsley's motion treats Plaintiff's claim for negligence per se against Defendant Pugsley as a redundant claim for imputed liability, when in fact it alleges direct liability against him. (Doc. 1, ¶ 41) Vicarious liability is separate and distinct from a plaintiff's right to plead a negligence per se claim directly against an individual defendant. *See McHaffie,* 891 S.W.2d at 827 (noting that an employer's vicarious liability is independent of their employee's direct liability). Accordingly, and for the reasons in Section III.C., *infra*, Defendant Pugsley's motion (Doc. 17) is denied.

### C. Defendants' Requests to Strike

Relief under Fed. R. Civ. P. 12(f) is an extreme remedy. Since Plaintiff is permitted to plead alternative theories at this stage, Defendants' alternative requests to strike these counts from Plaintiff's Complaint are denied. (Docs. 8, 17) *See Sargent v. Justin Time Transp., L.L.C.,* No. 09-596-CV-E-HEA, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) (finding that because *McHaffie* does not prevent plaintiff from pleading alternative theories of recovery, it would be

---

[2] Defendant Pugsley also asserts Counts II is deficient because it "merely create a suspicion of negligence." (Doc. 17, ¶ 8) The Court construes this as an allegation of insufficient pleading.

premature to strike alternative theory of recovery at outset of case).

## IV. CONCLUSION

After careful consideration and for the reasons set forth above, Defendants' motions (Doc. 8, 17) are denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
