# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

ROBERT G. OWENS,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　v.　　　　　　　　　　　　　　）　　Case No. 25-00806-CV-W-JAM
　　　　　　　　　　　　　　　　　）
DONALD W. PUGSLEY, et al.,　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendants.　　　　　）

## ORDER

Before the Court is Defendants' Motion for Rule 35 Physical Examination of Plaintiff (Doc. 44), Plaintiff's Response to the Motion (Doc. 45), and Defendants' Reply (Doc. 50). The Court ordered the parties to meet and confer regarding the issues raised (Doc. 46), and on August 3, 2026, held a lengthy status conference with counsel for each party (Doc. 48).

According to Plaintiff, this action arises out of a motor vehicle collision where Defendant Pugsley rear-ended Plaintiff, and as a result of the collision, Plaintiff has sustained injuries to his neck and back, among other damages. (Doc. 45 p. 1) Plaintiff does not dispute that his physical condition is in controversy or that Defendants are entitled to an independent medical examination ("IME") pursuant to Federal Rule of Civil Procedure 35. (Doc. 45, p. 2) The parties' dispute concerns only the location of the examination and the conditions under which it should occur. Plaintiff filed suit in this district and resides in Odessa, Missouri, within this District. Defendants seek to have the examination conducted by their retained expert, Dr. Donald deGrange, who is officed at 621 S. New Ballas Rd., Ste. 142A, St. Louis, Missouri, 63141 (Doc. 44), which is outside the District where the action is pending and where Plaintiff resides. Plaintiff requests that the Court require Defendants to choose an orthopedic surgeon within this District to conduct the

examination.  Alternatively, Plaintiff requests that the Court order Defendants to reimburse Plaintiff for any reasonable costs associated with the examination.

Rule 35(a) authorizes the Court to order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  The rule requires that such an order be issued upon a showing of good cause and specify the time, place, manner, conditions, scope of the examination, and the examiner.  Fed. R. Civ. P. 35(a)(2).  "The manner and conditions of a court-ordered medical examination, as well as the designation of the person or persons to conduct such an examination, are vested in the sound discretion of the trial court." *Sanden v. Mayo Clinic*, 495 F.2d 221, 225 (8th Cir. 1974).  Generally a movant is permitted to select the physician to conduct the examination absent a finding of bias or prejudice.  *See* 8B Wright & A. Miller, *Federal Practice and Procedure* § 2234.2 (3d ed.).  However, a movant has no absolute right to the choice of the physician.  *Id.*

Neither party cites binding authority addressing whether a plaintiff may be required to travel outside both the forum district and the district where the plaintiff resides for a Rule 35 examination.  Instead, both rely upon non-binding cases reaching differing results under varying factual circumstances.

Plaintiff principally relies on *Ellison v. Friedlander*, Case No. 1:22-CV-162-ACL, 2023 WL 7922237 (E.D. Mo. Nov. 16, 2023).  There, the Court denied a request requiring the plaintiff to travel approximately 220 miles from his residence within the district to Glen Carbon, Illinois, outside the district, for a Rule 35 examination.  The court observed that "[t]he general rule is that mental or physical examinations ordered under Civil Rule 35 should occur in either the district where the case is pending or where the plaintiff resides." *Id.* at *2 (internal citations and quotations omitted).  The court further noted that the defendant had failed to explain why the selected

physician possessed specialized expertise unavailable closer to the plaintiff or within the forum. *Id.*

Plaintiff also cites *In re Bordelon Marine, Inc.*, Case No. 11-1473, 2012 WL 1902576 (E.D. La. May 25, 2012), and *Stephens v. FAF, Inc.*, Case No. EP-16-CV-355-DB, 2018 WL 7288582 (W.D. Tex. June 21, 2018). Although both decisions likewise required examinations closer to the plaintiff, the factual circumstances differed substantially. *Bordelon Marine* involved a claimant in an action filed pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.,* who had not selected the forum district; while *Stephens* involved a proposed examination approximately 500 miles from the plaintiff's residence and outside of the district where the action was pending. Generally these cases support the proposition that courts possess discretion as to the examination location.

Defendants rely principally on *Evans v. Matrixx Initiatives, Inc.,* Case No. 3:07-cv-357-J-33JRK, 2008 WL 11336386 (M.D. Fla. Apr. 3, 2008), and *McDonald v. Southworth*, Case No. 1:07-cv-217-JMS-DFH, 2008 WL 2705557 (S.D. Ind. July 10, 2008). Both decisions recognize that, under appropriate circumstances, a plaintiff may be required to travel outside either the forum district or the district of his or her residence to attend a Rule 35 examination. Neither, however, establishes a categorical rule—let alone a binding one—requiring that result. Rather, each reflects the court's broad discretion in balancing the parties' competing interests under Rule 35.

Defendants also cite *McCloskey v. United Parcel Serv. Gen. Servs. Co.*, Case No. 95–420–FR, 171 F.R.D. 268 (D. Or. 1997), and *Pepe v. Casa Blanca Inn & Suites, LLC*, Case No. 18-cv-476 JCH/JFR, 2019 WL 10960399 (D.N.M. July 11, 2019). Those decisions generally recognize that plaintiffs who choose a forum ordinarily bear the burdens associated with litigating there. The

decisions are of limited value here because Defendants seek an examination outside the forum district rather than within it.

As a resident of Odessa, Missouri, within the Western District of Missouri, Plaintiff resides within 50 miles of numerous spine and orthopedic specialists in the Kansas City Metropolitan area. Defendants have not asserted that the Kansas City Metropolitan area lacks qualified experts. Instead, they argue that the existence of other physicians closer to Plaintiff does not give Plaintiff the right to select Defendants' examiner or to require Defendants to abandon a qualified physician whom they have already retained. Defendants' proposed examiner, Dr. deGrange, is in St. Louis, Missouri, approximately 200 miles from Plaintiff's residence, and in the Eastern District of Missouri. Notably, Plaintiff's own medical expert, who reportedly conducted a physical examination of Plaintiff, is in Shiloh, Illinois, which is located approximately 230 miles from Plaintiff's residence. (Doc 50, p. 6, n.1) Thus, it appears that Plaintiff has previously traveled a comparable distance—actually an even farther distance—outside this district and in connection with this litigation. Furthermore, the Court has not been presented with any medical evidence that travel to St. Louis, Missouri, would aggravate Plaintiff's condition, pose a risk to his health, or otherwise constitute an undue hardship beyond the ordinary inconvenience associated with litigation.

Additionally, Defendants represent that they have already retained Dr. deGrange, provided him with Plaintiff's medical records, coordinated the examination, and prepared him to serve as their retained expert. (Doc. 50, p. 9) Defendants have further agreed to reimburse Plaintiff for all costs associated with the examination, including mileage, air travel, lodging, and other reasonable travel expenses. (Doc. 48; Doc. 50, pp. 2, 10) This agreement substantially alleviates the financial burden associated with the requested examination. Moreover, when Defendants first notified

4

Plaintiff in June that they would be filing a motion seeking a Rule 35 examination in St. Louis, Missouri, Plaintiff's counsel inquired whether Defendants would reimburse Plaintiff for his travel expenses given that the proposed examination was outside the District. (Doc. 48; Doc. 50, p. 1)

As a starting point, the Court is generally disinclined to order an IME outside the district in which this action is pending and in which a plaintiff resides, and counsel should not presume that the Court will approve an examiner located outside this District. Nevertheless, the circumstances presented here are sufficient to order the requested examination by Dr. deGrange. Namely, Plaintiff previously traveled a similar distance for a medical examination in connection with this litigation; Defendants have agreed to reimburse all reasonable travel-related expenses; Plaintiff's counsel knew of Defendants' Rule 35 request for an examination in St. Louis, Missouri, in June and raised no objection before responding to this motion, other than inquiring regarding reimbursement of expenses; Defendants have already incurred significant expenses in retaining and preparing Dr. deGrange; and Defendants have developed their defense strategy in reliance on Dr. deGrange's anticipated opinions. Under these circumstances, and on balance, the facts weigh in favor of approving this examination. The Court therefore concludes that Defendants have established good cause for an examination by their retained orthopedic spine surgeon. Accordingly, it is hereby

ORDERED that Defendants' Motion (Doc. 44) is **GRANTED**. It is further

ORDERED that Plaintiff shall submit to a physical examination by Dr. Donald deGrange, at his office located at 621 S. New Ballas Rd., Ste. 142A, St. Louis, Missouri, 63141, at a mutually agreeable date and time but no later than Defendants' expert deadline. The examination shall include a history as well as a physical examination and shall last no longer than two hours. It is further

ORDERED that Defendants shall reimburse Plaintiff for all reasonable travel-related expenses incurred in attending the examination, including transportation costs (mileage, a rental vehicle, airfare, and/or taxis); lodging, if needed; meal reimbursement; and other reasonable travel expenses.

IT IS SO ORDERED.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE

6